UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR04-512-MJP |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT JAMES WALTER'S RENEWED MOTION FOR ORDER SETTING NEW CONDITIONS OF RELEASE |
| JAMES KENT WALTER, | |
| Defendant. | |

Defendant James Kent Walter, through his attorney of record Kenneth E. Kanev, has filed a motion asking that conditions of pre-trial release be imposed allowing for home detention with electronic monitoring, with release for outpatient mental health and drug treatment counseling. The motion was referred by the Honorable Marsha J. Pechman to the undersigned Magistrate Judge. (DKT 182)

**Case History**

Mr. Walter, together with eight co-defendants, is charged in an eleven-count Indictment for Conspiracy to Commit Bank Fraud and Bank Fraud. The Indictment charges that the total amount of actual and intended monetary loss exceeded $200,000 and in excess of 50 victims. Mr. Walter is charged with possessing materials to manufacture fraudulent identity documents and with manufacturing such documents to aid in the conspiracy. (DKT 1)

Mr. Walter was released on an appearance bond on December 7, 2004. (DKT 23) Within

a few weeks, his pretrial services officer reported that he had violated pretrial release by testing positive for methamphetamines. (DKT 53) He admitted using methamphetamines, and requested referrals for mental health treatment, as he felt his drug use was linked to depression. He was given three referrals for mental health counselors.

Mr. Walter's pretrial services officer reported that he had missed drug testing on February 18 and 25, and March 1, 9 and 14, 2005. (DKT 104, 110) A summons was issued, but Mr. Walter failed to appear for hearing. His counsel represented that Mr. Walter had been given incorrect information as to the date and time of the hearing. Mr. Walter appeared the next day (DKT 111, 112) and the hearing was rescheduled, and Mr. Walter was ordered to report to the pretrial services office immediately for drug testing. At his bond revocation hearing, another violation report was filed, indicating that Mr. Walter had tested positive for methamphetamine on March 17 and 22, 2005. (DKT 134) A hearing was held on the violations on March 29, 2005 (DKT 136) and April 14, 2005 (DKT 148), at which time a new bond violation report had been filed, indicating that defendant failed to report for drug testing on April 4 and 8, and tested positive for methamphetamines on April 11, 2005 (DKT 147). On April 14, 2005, the undersigned held a lengthy revocation hearing (DKT 148), carefully considered the evidence, heard testimony from the defendant and his father, and argument of counsel, following which defendant's bond was revoked and he was remanded to custody. (DKT 149)

On July 8, another hearing was held before the undersigned Magistrate Judge following the defendant's motion to set conditions of release. (DKT 172). Defense counsel argued that his client was suicidal and was not getting appropriate care at the Federal Detention Center. He asked that Mr. Walter be released to reside with his father under conditions of home detention and electronic monitoring, for outpatient mental health care. The bond hearing was continued to July 13, 2005 to give the Court the opportunity to hear from personnel at the FDC about defendant's care. The court heard from both attorneys, from the Pretrial Services Officer, from Dr. Skillestad and Dr. Salzberg from the FDC. (DKT 175) The defendant was ordered released to an inpatient

01 drug treatment facility, if he qualified for acceptance into the program. (DKT 177) If defendant
02 did not qualify for the program, he would remain in custody.

03 Following the July 13, 2005 hearing, it was determined that the inpatient drug treatment
04 facility would not accept the defendant into the program because of multiple incidents of suicidal
05 behavior while in custody at the FDC, and the uncertainty of being able to guarantee Mr. Walter's
06 safety and well-being while in the program.

07 Defendant now moves for entry of an order setting new conditions of release, to allow him
08 to reside with his father under pre-trial supervision and electronic home detention, with release for
09 outpatient mental health/drug treatment counseling. The Court finds that oral argument would
10 not be helpful or necessary in addressing the motion.

11 In the course of a number of lengthy bond revocation hearings, the Court has become
12 familiar with the issues relating to Mr. Walter's methamphetamine addiction and compliance
13 problems. There is a lack of agreement as to the extent of defendant's mental health problems.
14 The staff at the FDC believe, based on their observation of the defendant and by his statements
15 to them, that the defendant engaged in actions designed to appear as suicidal efforts, but which
16 were consciously intended to secure his release from custody into less restrictive conditions.
17 Defendant's Pretrial Officer believes that outpatient treatment would be of limited benefit to the
18 defendant, given the extent of his substance abuse problem. Furthermore, the Court notes that the
19 defendant has not complied with conditions of pretrial release in the past, and is unlikely to do so
20 in the future. The Court found that only the proposed inpatient treatment program would have
21 presented sufficiently restrictive conditions to allow the defendant's release from custody. That
22 program is unwilling to accept the defendant into the program because of the defendant's suicidal
23 gestures and the concern about his safety while in the program.

24 The conditions proposed by the defendant are not materially different from those suggested
25 at the previous bond hearing. The only different is that defendant has included specific treatment
26 providers in the proposal. Even though defense counsel reports that Mr. Walter has not had any

ORDER DENYING DEFENDANT JAMES WALTER'S
RENEWED MOTION FOR ORDER SETTING NEW
CONDITIONS OF RELEASE
PAGE -3

behavioral problems at FDC for the last two weeks, this does not overcome the fact that defendant engaged in multiple incidents of suicidal gestures in the past, and was in very poor compliance while previously on supervised release.

Therefore, IT IS ORDERED that defendant's motion to set new conditions of release is DENIED.

The Clerk is directed to send copies of this Order to counsel of record, to the Honorable Marsha J. Pechman, and to Judge Theiler.

DATED this <u>10th</u> day of August, 2005.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge